# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**DETHANIEL L. THOMPSON**                                                               **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 5:19-CV-P197-TBR**

**JONATHAN SHOLAR** *et al.*                                                      **DEFENDANT**

## MEMORANDUM OPINION

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Dethaniel L. Thompson leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

Plaintiff is a pretrial detainee incarcerated at the Christian County Jail. He brings this suit against four Defendants – Detective Jonathan Sholar, Hopkinsville Police Department (HPD); Terry Bigbee, "ATF-TFO", HPD; Commonwealth Attorney Rick Boling; and Circuit Court Judge John Atkins. He sues these Defendants in their official capacities only.

Plaintiff first claims that his "14th Amendment right to due process" was violated by Defendants Sholar and Bigbee when they "lied and also denied my evidence I asked for on my preliminary hearing. . . . According to my motion of discovery they know the others involved in the case and I stated I wanted to press charges against them but to no avail." Plaintiff also alleges that Defendant Sholar denied him "access to camera evidence on record."

Plaintiff states that Defendant Boling:

> tried to separate my charges along with [Defendant Judge] Atkins and try me on 2 charges . . . and was told the only way I could be tried on all charges at once I had to amit to those charges in open court. The state has picked the charges upon on me with the so-called victims not cooperating and was told by my lawyer if I plead

guilty to 2 of those charges maybe I could get a affordable bail. And that is in violation of my 8th amendment.

Plaintiff continues:

[Defendant] Judge Atkins is in violation of this because at 2 bond hearings . . . [he] stated he refuses to 10% my bail saying I was dangerous and he wasn't letting me me out when I also was put in danger. Evidence which helps me was not presented to the Grand Jury because I was denied it. On October 18, 2019, I went to a evidentiary hearing and asked the Commonwealth to disclose the names of the others involved in the case as well as if the victim was a confidential informal for HPD and was told he was but not on this case and If I wanted to know the names of the other shooters "I" had to hire a P.I. to find it out. I've been incarcerated for 9 months and when I'm scheduled for trial on March 16, 2020, it will be a year.

Plaintiff then writes:

On my court transcripts in March 22 I asked my P.D. why they are protecting him and the others and it has been shown on my motion of discovery and the evidence its self defense and I can't set a court date to prove my innocence. Also why is the state and the HPD trying to hide stuff as well as make me look like I did something wrong? It was 4 against 1 but yet I'm the only charged and life on the line.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of all charges being dropped, as well as an apology in the local paper.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As the complaint makes clear, all of Plaintiff's claims relate to ongoing state-court criminal proceedings. There is "a strong judicial policy against federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975). Thus, when a federal action deals with issues involved in a state court proceeding, the federal court must abstain until the conclusion of the state proceeding, absent extraordinary circumstances. *James v. Hampton*, 513 F. App'x 471, 473-74 (6th Cir. 2013) (citations omitted). The Supreme Court first considered the propriety of federal-court intervention in pending state criminal prosecutions in *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of such jurisdiction.'" *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)). Further, the *Younger* abstention doctrine may be raised sua sponte by the Court or by the parties. *See O'Neill*, 511 F.3d at 642.

"The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). If the three *Younger* criteria are satisfied, the court should abstain from interfering "unless there is a showing of bad faith, harassment, or another extraordinary circumstance that makes abstention

appropriate." *Graves*, 534 F. App'x at 406 (citing *Am. Family Prepaid Legal Corp.*, 498 F.3d at 332).

The Commonwealth of Kentucky clearly has an important interest in adjudicating Plaintiff's criminal action. Moreover, Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. To the extent that Plaintiff believes that Defendants have withheld or fabricated evidence, he can address that matter before the state court. If he is ultimately convicted in the trial court, he still has a number of state court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court. In addition, Plaintiff alleges no unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. *See also Am. Family Prepaid Legal Corp.*, 498 F.3d at 334 ("Abstention is appropriate unless state law clearly bars the interposition of the constitutional claims.") (citation omitted); *Battle v. O'Malley*, No. 15-7037 (KM) (JBC), 2015 U.S. Dist. LEXIS 157739 (D.N. J. Nov. 23, 2015) (dismissing under *Younger* claim that prosecutor withheld exculpatory evidence for the reasons set forth in this paragraph).

Moreover, as noted above, in addition to compensatory and punitive damages, Plaintiff seeks the "dropping [of] all charges" against him and an "apology for defamation of character and slander in court and in the local paper." To to the extent that Plaintiff's first request is for a release from custody, this is not an available remedy under § 1983. Indeed, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas corpus."[1] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

With regard to Plaintiff's request that the Court order that an apology be issued, despite their broad and flexible equitable powers, federal courts are "not commissioned to run around getting apologies." *Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002) (quoting *McKee v. Turner*, 491 F.2d 1106, 1107 (9th Cir. 1974)). Indeed, "the law . . . is not usually concerned with procuring apologies to make morally right a legal wrong done to the plaintiff." *Id*. at 346. *See also Norris v. Poole*, No. 8:10-750-JFA-BHH, 2010 U.S. Dist. LEXIS 46242, at *8 (D.S.C. Apr. 19, 2010) (". . . [Plaintiff] has no legal right to a published apology."); *Burkes v.Tranquilli*, No. 08-474, 2008 U.S. Dist. LEXIS 51403, at *13 (W.D. Pa. July 2, 2008) ("To the extent that Plaintiff's requested relief regarding an apology can be construed as a request for injunctive relief against the Defendants, such a claim for injunctive relief fails to state a claim as a matter of law."). Thus, Plaintiff's requests for injunctive relief will also be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date:  March 25, 2020

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:　　Plaintiff, *pro se*
　　　　Defendants
4413.011

---

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).

6